**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0236-16T4

DEBORAH UPCHURCH,

      Plaintiff-Appellant,

v.

CITY OF ORANGE TOWNSHIP,
ORANGE POLICE DEPARTMENT,
HAKIM SIMS and WILLIAM
BOGGIER,

      Defendants-Respondents.

_____

> Submitted April 11, 2018 – Decided September 14, 2018
>
> Before Judges Alvarez and Nugent.
>
> On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0788-15.
>
> Eldridge T. Hawkins, attorney for appellant.
>
> David C. Stanziale, attorney for respondents City of Orange Township and Orange Police Department.
>
> Law Office Gina Mendola Longarzo, LLC, attorneys for respondent Hakim Sims (Gina Mendola Longarzo, on the brief).

PER CURIAM

Plaintiff, Deborah Upchurch, appeals from two summary judgment orders. The first dismissed her complaint against defendant Hakim Sims. The second dismissed her complaint against the "City of Orange Township" and the City of Orange Police Department (the Orange defendants). We affirm the order dismissing the case as to Sims but reverse the order dismissing the case as to the Orange defendants.[1]

When she filed her complaint in February 2015, plaintiff was a Lieutenant in the Orange Police Department, where she had been employed since 1992. The complaint included seven counts and alleged violations of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49, breach of the implied covenant of good faith and fair dealing, misconduct in Office, "False Light," and various civil rights violations. Defendants answered and Sims and Boggier filed counterclaims. Plaintiff filed an answer to the Boggier counterclaim and an answer to the Sims counterclaim.[2] The parties engaged in discovery and the

---

[1] The record does not address whether the Orange Police Department is a separate legal entity that can sue and be sued.

[2] Plaintiff also filed a verified complaint in lieu of prerogative writs against the City of Orange, Hakim Sims, and the State of New Jersey, challenging an internal affairs investigation and written reprimand. The complaint was

A-0236-16T4

Orange defendants and Sims filed summary judgment motions.[3]  The trial court denied plaintiff's summary judgment motion, granted defendants' summary judgment motions, and dismissed the complaint with prejudice.  This appeal followed.

On appeal, plaintiff argues the following points:

> POINT I
> [THE TRIAL COURT'S] STATEMENTS OF FACTS ARE INCORRECT, THUSLY LEADING TO INCORRECT CONCLUSIONS OF LAW.
>
> POINT II
> ORANGE DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT UNDER COUNTS THREE AND FIVE.
>
> POINT III
> THERE IS NO LEGAL OR FACTUAL BASIS TO DISMISS THE NJLAD COMPLAINT AGAINST THE CITY OF ORANGE PREDICATED UPON AN ALLEGED LACK OF KNOWLEDGE OR NOTICE.
>
> POINT IV
> THE CITY OF ORANGE TOWNSHIP'S FAILURE TO SERVE THE MUNICIPAL ADMINISTRATIVE CHARGES UNTIL AFTER THE EXPIRATION OF

---

dismissed with prejudice and plaintiff's motion for reconsideration denied.  We affirmed the orders dismissing the complaint and denying reconsideration. Upchurch v. City of Orange Twp., No. A-4921-14 (App. Div. June 12, 2017).

[3]  The appellate record does not include the pleadings disposing of plaintiff's complaint against Boggier and Boggier's counterclaim.

45-DAYS FROM DATE OF THE CITY'S KNOWLEDGE OF SAID ALLEGED INFRACTION RESULTS IN SAID CHARGES BEING UNLAWFUL PURSUANT TO N.J.S.A. 40A:14-147.

POINT V
THE ACTION AND INACTIONS OF BOTH THE STATE OF NEW JERSEY AND MUNICIPALITY OF ORANGE, TOGETHER VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS.

POINT VI
THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THERE WAS A PROCEDURE IN PLACE FOR ADMINISTRATIVE REVIEW OF THE MINOR DISCIPLINARY ACTION TAKEN AGAINST THE PLAINTIFF WHERE NO STATUTORY PROVISION WAS IN PLACE AND NEITHER THE DOA LOCAL CONTRACT NOR THE DEFENDANTS PROVIDED ANY ALTERNATIVE PROCEDURES.

POINT VII
JUDGE CAREY'S FAILURE TO RECONSIDER AND REVERSE HIS DECISION WERE A MANIFEST DENIAL OF JUSTICE AND ABUSE OF DISCRETION REQUIRING REVERSAL.

POINT VIII
PLAINTIFF DEMONSTRATES SHE WAS DENIED DUE PROCESS, EQUAL PROTECTION, FREEDOM OF SPEECH, LIGHT [SIC] TO PROPERTY, etc., AND WAS CAST IN A FALSE LIGHT.

With one exception, plaintiff's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). The exception is

4

defendant's argument in Point III that her cause of action for supervisory sexual

harassment in violation of the LAD should not have been dismissed on summary

judgment.  As to that argument, the trial court found the following facts:[4]

> Plaintiff is currently a lieutenant with the department, and, has been employed with the police department, and, the City since 1992.  At the time, the events that gave rise to the suit, plaintiff was charged with performing mainly administrative tasks for the department.  At all times relevant, Sims was the department's Director of Police, and, plaintiff's supervisor. Plaintiff alleges that beginning in February of 2013 or 2014, Sims began making unwelcome sexual advances towards her both in the workplace, and, through text and picture messages sent to her mobile phone.
>
> When plaintiff rebuffed those advan - advances, she alleges Sims treated her differently from the male members of the department, retaliated against her by transferring her from an administrative role to patrol, and, commenced Internal Affairs investigations against her, which now, allegedly, appear in her personnel file.
> While plaintiff may have shared her concerns about Sims' behavior with another member of the department, identified only as a "Captain Ssouey, S-S-O-U-E-Y", it is undisputed that plaintiff did not

---

[4] Defendants have not asserted the trial court's findings are unsupported by the motion record.  In fact, the Orange defendants cite to the trial court's opinion as support for significant portions of the statement of facts in their appellate brief. Although plaintiff apparently disagrees with some of the trial court's findings, the disagreement is based in significant part on the transcript of plaintiff's deposition, which plaintiff has not included in the appellate record.  R. 2:6-1(a)(1)(I).

A-0236-16T4

otherwise file, or, make any formal complaint within the department about Sims' conduct.

In response to Sims' conduct, plaintiff filed a seven count complaint against the City defendants, and, Sims.

In granting summary judgment to the Orange defendants, the trial court first noted their argument: "With respect to those counts that rely on the LAD as a basis for relief, the [Orange] defendants argue they're entitled to summary judgment because there's no evidence they had knowledge of Sims' alleged misconduct." In its legal conclusions, the trial court stated:

With regard to the law against discrimination, or LAD count, plaintiffs failed to offer any competent evidence that if considered by a jury would permit a jury to find in plaintiff's favor on the plaintiff's LAD claims. Typically, only an employer may be held liable under LAD. See N.J.S.A. 10:5-12a. An employer can only be held liable for the acts of its employees when the employer, "[c]ontributed to the harm through negligence, intent, or, apparent authorization of the harassing conduct. Or, if the supervisor was aided in the commission of the harassment by the agency relationship." That's Aguas v. State, 220 N.J. 494, a two – 2015 Supreme Court case.

For an employer's agent to be held personally liable under the LAD, the indivil – individual must aid or abet the unlawful conduct which requires the individual engage in, "Active and purposeful conduct," to aid an employer to, inter alia, "[p]erform a wrongful act." That's Cicchetti v. The Morris County Sheriff's Office, 194 N.J. 563, a 2008 case which cites, and,

6

quotes <u>Tarr v. Ciasulli</u>, 181 N.J. 70, a Supreme Court case from 2004.

In this case, there's simply no evidence in the record, beyond plaintiff's bare assertions, and, suspicions in her deposition testimony that the City defendants had knowledge of Sims' alleged conduct. And, no evidence that plaintiff was treated differently from any similarly situated male. Those bare assertions, and, suspicions are not sufficient evidence to defeat a motion for summary judgment.

Here, since there's no evidence that the City defendants had knowledge of Sims' alleged acts, they could not have negligently, or, intentionally contributed to, or, authorized Sims' alleged acts. There's, therefore, no evidence that would permit a jury to conclude that the City defendants could be held liable for them.

Since there's no evidence the City defendants could be held liable for a wrongful act under the LAD, and, since Sims is not an employer within the meaning of LAD, Sims cannot be held liable either directly, or, as an aider, or, abettor because there's no evidence that his employer, the City defendants, performed a wrongful act under the LAD. See <u>Cicchetti</u> at 594.

Since a rational fact finder could not find in favor of the plaintiff with respect to her LAD count on the basis of the available evidence, defendants are entitled to summary judgment on plaintiff's first count.

Significantly, the trial court never mentioned whether the Orange defendants had a policy in place to prevent sexual harassment. It does not appear

from the appellate record the Orange defendants included or argued such a policy in support of their summary judgment motion. That flaw is fatal.

Appellate courts "review[] an order granting summary judgment in accordance with the same standard as the motion judge." Bhagat v. Bhagat, 217 N.J. 22, 38 (2014) (citations omitted). We "review the competent evidential materials submitted by the parties to identify whether there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law." Ibid. (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); R. 4:46-2(c)). A trial court's determination that a party is entitled to summary judgment as a matter of law is not entitled to any "special deference," and is subject to de novo review. Cypress Point Condo. Ass'n v. Adria Towers, LLC, 226 N.J. 403, 415 (2016) (citation omitted).

Here, the trial court granted the Orange defendants summary judgment on the sole ground they were unaware their Director of Police was sexually harassing a supervisor. The Orange defendants assert on appeal this legal conclusion was correct. We disagree.

The elements of a hostile work environment sexual harassment claim are the harassment "(1) would not have occurred but for the employee's gender; and it was (2) severe or pervasive enough to make a (3) reasonable woman believe

A-0236-16T4

that (4) the conditions of employment are altered and the working environment is hostile or abusive." Lehmann v. Toys 'R' Us, Inc., 132 N.J. 587, 603-04 (1993).

Under the Restatement (Second) of Agency § 219(2) (Restatement), a plaintiff may assert two theories of liability against an employer based on a supervisor's sexual harassment. "The first is a direct cause of action against the employer for negligence or recklessness under Restatement § 219(2)(b)." Aguas v. State, 220 N.J. 494, 512 (2015) (citing Gaines v. Bellino, 173 N.J. 301, 312–14 (2002)). "The second is a claim for vicarious liability under Restatement § 219(2)(d)." Aguas, 220 N.J. at 512 (citing Gaines, 173 N.J. at 312-14)).

"The negligence standard imposes on [a plaintiff] the burden to prove that the [defendant] failed to exercise due care with respect to sexual harassment in the workplace, that its breach of the duty of due care caused the plaintiff's harm, and that she sustained damages." Ibid. (citing Komlodi v. Picciano, 217 N.J. 387, 409 (2014)). When a defendant challenges the sufficiency of a plaintiff's proofs of a Restatement 219(2)(b) cause of action against an employer, the court deciding a dispositive motion or the jury considering the claim should consider five factors:

> (1) formal policies prohibiting harassment in the workplace; (2) complaint structures for employees' use,

9

both formal and informal in nature; (3) anti-harassment training, which must be mandatory for supervisors and managers, and must be available to all employees of the organization; (4) the existence of effective sensing or monitoring mechanisms to check the trustworthiness of the policies and complaint structures; and (5) an unequivocal commitment from the highest levels of the employer that harassment would not be tolerated, and demonstration of that policy commitment by consistent practice.

[Aguas, 220 N.J. at 513 (citing Gaines, 173 N.J. 313).]

Concurrently or alternatively, a plaintiff may assert a Restatement § 219(2)(d) claim. "[T]he plaintiff has the initial burden of presenting a prima facie hostile work environment claim." Id. at 524.

If no tangible employment action has been taken against the plaintiff, the defendant employer may assert [a] two-pronged affirmative defense . . . . To establish that defense, the defendant has the burden to prove, by a preponderance of the evidence, . . . that the employer exercised reasonable care to prevent and to correct promptly sexually harassing behavior[] and . . . the plaintiff employee unreasonably failed to take advantage of preventive or corrective opportunities provided by the employer or to otherwise avoid harm.

[ Ibid. (citing Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765 (1998) and Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998)).]

The employee may rebut the elements of the affirmative defense. Ibid.

The defense is not available in cases where the supervisor's harassment has resulted in an adverse employment action, such as "undesirable reassignment," nor will the defense provide "protection to an employer whose sexual harassment policy fails to provide 'meaningful and effective policies and procedures for employees to use in response to harassment.'" Id. at 522 (citing Gaines, 173 N.J. at 317).

Contrary to the trial court's legal conclusion and the Orange defendants' arguments, "we didn't know and plaintiff didn't tell us" is not a defense. If plaintiff was, as she claimed, reassigned to a less desirable position because she refused Sims' sexual advances, the Orange defendants have no affirmative defense. If, contrary to plaintiff's allegations, the Orange defendants can prove by a preponderance of the evidence they exercised reasonable care to prevent and to correct promptly Sims' sexually harassing behavior, and plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by the Orange defendants, they might prevail at trial. To prevail on a summary judgment motion, they would be required to demonstrate there are no factual disputes concerning the fact-sensitive issues surrounding their affirmative defense. Simply asserting they did not know their highest ranking officer was sexually harassing a subordinate is no defense.

A-0236-16T4

We express no opinion on whether plaintiff established a prima facie case of employer liability under either <u>Restatement</u> §219(2)(b) or (d) or whether the Orange defendants can establish a defense. Such decisions must rest on a properly developed motion record or a jury verdict. The trial court granted summary judgment on plaintiff's supervisory sexual harassment claim on the narrow ground the Orange defendants were unaware of the harassment. We hold only that the trial court's narrow legal conclusion was incorrect.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0236-16T4